```
                                                                    FILED
          UNITED STATES DISTRICT COURT                           FEB 0 8 2013
              DISTRICT OF SOUTH DAKOTA
                  CENTRAL DIVISION
******************************************
                              *
JUSTIN SHIELDS,               *            CIV. 13-3005
                              *
               Movant,        *
      -vs-                    *            REPORT and RECOMMENDATION
                              *
UNITED STATES OF AMERICA,     *
                              *
               Respondent.    *
                              *
******************************************
```

Petitioner, Justin Shields, is a federal inmate currently incarcerated at the Canaan United States Penitentiary in Waymart, Pennsylvania. He has filed a Motion to Vacate, Set Aside or Correct his Sentence under 28 U.S.C. § 2255.

The Court has taken judicial notice of the file from Shields' underlying criminal conviction in the United States District Court, Central Division for the District of South Dakota, 3:07-CR-30106-KES-1 and his direct appeal to the United States Court of Appeals for the Eighth Circuit, No. 08-2433. *See, Hood v. United States*, 152 F.2d 431 (8th Cir. 1946) (federal District Court may take judicial notice of proceedings from another federal District Court); *Matter of Phillips*, 593 F.2d 356 (8th Cir. 1979) (proper for federal court to take judicial notice of state court pleadings); *Green v. White*, 616 F.2d 1054 (8th Cir. 1980) (Court of Appeals may take judicial notice of District Court filings).

## JURISDICTION

The pending matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Judge Schreier's Order dated March 18, 2010.

## PROCEDURAL HISTORY

On February 25, 2008, Shields entered a plea of guilty to the charge of Kidnapping in violation of 18 U.S.C. §§ 1153 and 1201. Various other charges were ultimately dismissed as a result of a plea agreement. On June 17, 2008, Shields was sentenced to 360 months imprisonment. *See United States v. Justin Shields*, 3:07-CR-30106-KES-1. Shields filed a direct appeal. The Eighth

Circuit dismissed the appeal on August 25, 2008, based on the appeal waiver which was included as part of the plea agreement. Shields did not file a Petition for Certiorari with the United States Supreme Court. On February 7, 2013, Shields filed the instant Motion to Vacate, Set Aside or Correct his Sentence pursuant to 28 U.S.C. § 2255.

## ANALYSIS

A review of Shield's Motion reveals that it must be dismissed because all of his claims are barred by the AEDPA one year statute of limitations. Specifically, 28 U.S.C. § 2255(f) provides:

> (f) A 1- year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such Governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Shields's judgment of conviction became final on November 23, 2008, ninety days after the Eighth Circuit entered its Judgment on August 25, 2008.[1] One year from November 23, 2008 is November 23, 2009. Because Shields did not file his § 2255 Motion until February 7, 2013, it is time barred. For this reason, the "files and records conclusively show that the prisoner is entitled to no relief. . ." pursuant to 28 U.S.C. § 2255(b).

### Evidentiary Hearing and Certificate of Appealability

An evidentiary hearing is not required on a § 2255 motion if "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible or conclusions rather than

---

[1] *See United States v. Sanchez-Gonzalez*, 643 F.3d 626, 629 (8th Cir. 2011) (a criminal defendant's conviction becomes final for purposes of a § 2255 petition ninety days after the Eighth Circuit issues its ruling on direct appeal).

2

statements of fact." *Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998) *(quoting Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)). Thus, if the motion, files and records of the case conclusively establish that Shields is not entitled to relief, the Court is not required to conduct an evidentiary hearing. *See Kingsberry v. United States*, 202 F.3d 1030, 1033 (8th Cir. 2000) ("an evidentiary hearing is necessary only where 'the court is presented with some reason to question the evidence's credibility.'"). An evidentiary hearing is not required in this case because it is clear from the face of the Motion and the underlying files that Shields's Motion is time-barred.

When the District Court has denied a motion under § 2255, the movant may not appeal without a Certificate of Appealability. Such a Certificate may issue "only if the applicant has made a substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" under this section is a showing that "reasonable jurists would find the District Court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In other words, a "substantial showing" is made if "a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Shields has not made a substantial showing of the denial of a constitutional right. Accordingly, it is RECOMMENDED that no Certificate of Appealability be issued.

## CONCLUSION and RECOMMENDATION

For the reasons more fully explained above, it is respectfully **RECOMMENDED** to the District Court that:

(1) Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 1 in this file) be DENIED with prejudice;

(2) No Certificate of Appealability be issued.

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District Court.

*Thompson v. Nix*, 897 F.2d 356 (8th Cir. 1990)

*Nash v. Black*, 781 F.2d 665 (8th Cir. 1986)

Dated this 8 day of February, 2013.

BY THE COURT:

John E. Simko
United States Magistrate Judge