UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | | |
|---|---|---|
| JUSTIN SHIELDS, | ) | Civ. 13-3005-KES |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER DENYING PETITION |
| | ) | FOR WRIT OF HABEAS CORPUS |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner, Justin Shields, filed a pro se petition for relief under 28 U.S.C. § 2255 on February 7, 2013. Docket 1. The court referred the petition to United States Magistrate Judge John E. Simko pursuant to 28 U.S.C. § 636(b)(1)(B) for the purposes of conducting any necessary hearings and issuing a report and recommendation for the disposition of Shields's § 2255 petition. On February 8, 2013, Magistrate Judge Simko issued a report and recommendation for the disposition of Shields's § 2255 petition. Docket 3. Shields filed timely objections to the report and recommendation on February 22, 2013. Docket 4. For the reasons set forth herein, Magistrate Judge Simko's report and recommendation will be adopted in its entirety.

## DISCUSSION

The court's review of a magistrate judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. Pursuant to 28 U.S.C. § 636(b)(1), the court reviews de novo any

objections that are timely made and specific. *See* Fed. R. Civ. P. 72(b) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

In the instant case, Shields objects to Magistrate Judge Simko's finding that Shields's § 2255 petition is barred by the applicable statute of limitations. Docket 3 at 2; Docket 4 at 1. Shields argues that the magistrate judge misconstrued his petition as a first-time habeas petition, which he concedes would be barred by the applicable statute of limitations. Docket 4 at 1. Shields asserts that his petition was a request for permission to file a second successive § 2255 petition in the Eighth Circuit Court of Appeals, and that this court therefore does not have jurisdiction over the matter. *Id.* The court has reviewed de novo the issues raised by Shields's objections.

As the magistrate judge explained and as Shields concedes, a one-year statute of limitations applies to the filing of a § 2255 petition. 28 U.S.C. § 2255(f); Docket 3 at 2; Docket 4 at 1. Therefore, because Shields's judgment of conviction became final on November 23, 2008, Shields needed to file a § 2255 petition prior to November 23, 2009. Shields's § 2255 petition in this case was not filed until February 7, 2013, which is more than three years outside the applicable statute of limitations. Although Shields argues that this petition was merely a request to the Eighth Circuit for permission to file a second successive § 2255 petition, there is no evidence that Shields ever filed

an initial § 2255 petition.[1] The magistrate judge therefore properly construed the petition in question as a first-time request for relief under § 2255 and correctly recommended that the petition be denied as untimely. The court adopts the magistrate judge's recommendation in its entirety and finds that Shields is not entitled to relief. Accordingly, it is

ORDERED that the report and recommendation of Magistrate Judge Simko (Docket 3) is adopted in its entirety. Shields's § 2255 petition is barred by the applicable statute of limitations. The court therefore rejects Shields's objections to Magistrate Judge Simko's report and recommendation (Docket 4) and denies Shields's § 2255 application (Docket 1).

Dated March 21, 2013.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE

---

[1] Shields's record is devoid of any prior § 2255 petitions. Moreover, in the § 2255 petition at issue, Shields concedes that, "[o]ther than a direct appeal from the judgment of conviction and sentence," he has not "filed any other petitions, applications for relief, or other motions regarding [his] judgment in federal court. Docket 1 at 4. He also answers "none" to all questions regarding details of his first petition, application, or motion. *Id.*