UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| JUSTIN SHIELDS, | ) Civ. 13-3005-KES |
| Plaintiff, | ) |
| vs. | ) ORDER DENYING MOTION FOR |
| | ) RECONSIDERATION |
| UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

Plaintiff, Justin Shields, filed a motion for reconsideration pursuant to Federal Rule of Civil Procedure 60(b)(6).[1] Docket 6. Shields requests relief from this court's order denying Shields's petition for writ of habeas corpus (Docket 5), and believes he is entitled to such relief because, although he failed to file his § 2255 petition within the applicable one-year statute of limitations, he is actually innocent of the crime for which he was convicted, and thus qualifies for equitable tolling of the otherwise stringent one-year statute of limitations.

Equitable tolling applies to an untimely filed § 2255 petition "where extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time, or where a defendant's conduct lulls the prisoner into inaction." *Maghee v. Ault*, 410 F.3d 473, 476 (8th Cir. 2005) (citation omitted). Additionally, a petitioner can overcome the expiration of the one-year statute of

---

[1] Pursuant to Federal Rule of Civil Procedure 60(b), the court may "relieve a party . . . from a final judgment, order, or proceeding" for various enumerated reasons, including "any . . . reason that justifies relief."

limitations by proving actual innocence. *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013). Notably, however, the actual innocence exception is only triggered "when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.' " *Id.* at 1936 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)).

In the instant case, Shields has failed to provide evidence of actual innocence. To the contrary, the record establishes that Shields pleaded guilty to kidnapping. Docket 1 at 2. His claim of actual innocence is therefore insufficient to overcome the statute of limitations which the court originally concluded barred Shields from relief under § 2255. *See Neuendorf v. Graves*, 110 F. Supp. 2d 1144, 1159 (N.D. Iowa 2000) (citing *United States v. Lurie*, 207 F.3d 1075, 1077 n.4 (8th Cir. 2000)) (a claim of actual innocence "fails where the petitioner's 'actual innocence' claim consists of nothing more than an unsupported allegation"). Accordingly, it is

ORDERED that Shields's motion for reconsideration (Docket 6) is denied.

Dated November 7, 2013.

                                BY THE COURT:

                                /s/ *Karen E. Schreier*
                                KAREN E. SCHREIER
                                UNITED STATES DISTRICT JUDGE